UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORAN TWYMAN,

        Petitioner,         Case Number: 2:11-CV-10010

v.         HONORABLE NANCY G. EDMUNDS

J. S. WALTON,

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

The petitioner, Loran Twyman, a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan) has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. The petitioner claims that prison officials have retaliated against him for filing a complaint of staff misconduct by filing false misconduct charges against him. Respondent has filed a Motion to Dismiss arguing that Petitioner's claim of retaliation is not cognizable on habeas review and because Petitioner has not exhausted his administrative remedies. Because Petitioner has not exhausted his administrative remedies, the Court shall dismiss the petition without prejudice.

**I.**

Twyman was convicted of distribution of cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). On April 7, 2003, he was sentenced in the United States District

Court for the Northern District of West Virginia to a 172-month term of imprisonment and three years' supervised release. His sentence was reduced to a 136-month term of imprisonment on August 19, 2009, pursuant to 18 U.S.C. § 3582(c)(2).

On August 17, 2010, while incarcerated at the Federal Prison Camp in Beckley, West Virginia, an incident report was filed charging Twyman with assaulting a correctional counselor, J. Grimes. The incident alleged that, while walking past Grimes, Twyman lowered his shoulder and shoved himself into Grimes. The Unit Discipline Committee referred the case to the Discipline Hearing Officer (DHO). Following a hearing, the DHO found Twyman guilty of assaulting another person (minor assault). Sanctions imposed included a 15-day period of disciplinary segregation and the loss of 27 days good conduct time. Twyman subsequently was transferred to the Federal Correctional Institution in Milan, Michigan.

## II.

Twyman claims that he, rather than corrections counselor Grimes, was the victim of an assault. He claims that Grimes assaulted him and then filed a false incident report against Twyman in retaliation for a report Twyman made of staff misconduct while incarcerated at FCI-Morgantown. Twyman alleges that, as a result of the disciplinary hearing, he lost earned good-conduct time and was denied participation in the Residential Drug Abuse Program and, consequently, denied the early release benefit.

Respondent argues that Twyman's claim is not properly filed under 28 U.S.C. § 2241 because Twyman is not challenging the fact or duration of his custody. He claims

that the retaliation claim should be raised in a civil rights action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Sixth Circuit Court of Appeals has not yet decided whether a retaliation claim is cognizable under § 2241. *See Antonelli v. Rios*, Civ. No. 06-283-GFVT, 2009 WL 790171, *5 n.1 (E.D. Ky. March 24, 2009) (assuming for purposes of analysis that a retaliation claim is cognizable under § 2241, but recognizing a substantial question remains as to whether such a claim is cognizable). *See also Stiger v. Warden*, 389 F. App'x 337, 339 (5th Cir. 2010) (addressing claim filed in § 2241 petition that disciplinary charges resulted from retaliation for court motion filed by petitioner); *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007) (holding that "evidence of retaliatory motive on the part of a charging officer and a disciplinary hearing officer might be relevant to the question of whether a particular disciplinary adjudication violated due process pursuant to § 2241"). Because in this case, the claim of retaliation is relevant to the misconduct finding and the resulting loss of good-time credit, Twyman's retaliation claim implicates the length of his confinement. Therefore, the Court finds that it is cognizable under § 2241.

Nevertheless, the petition must be dismissed because Twyman has not exhausted his administrative remedies. A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). The exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*,

270 F3d 292, 295 n.1 (6th Cir. 2001) (internal quotation and citation omitted). The petitioner bears the burden of establishing exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).

Twyman has not appealed the result of the disciplinary hearing. An administrative remedy is available for him to challenge the decision under 28 C.F.R. § 542.10-542.16. *See Alton v. Bogan*, 1995 WL 364184 (6th Cir. June 16, 1995). A prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. § 542.13(a) & (b) allows a prisoner to file a formal request for administrative remedy with the warden of the prison. Thereafter, a prisoner may file an appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. § 542.14.

While a formal administrative remedy request to the Warden generally must be filed within 20 days from the date of the event grieved, the time limit may be extended if the prisoner demonstrates a "valid reason for delay." *Id.* "If a habeas corpus court were to allow a prisoner to simply wait until the time prescribed by the regulations for filing his appeal has expired and then file a petition for a writ of habeas corpus which a habeas corpus court would consider, . . . the doctrine of exhaustion of administrative remedies would be circumvented." *Marchesani v. U.S. Parole Comm'n*, 1991 WL 153131, *2 (6th Cir. Aug. 12, 1991). If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Engle v. United States*, 26 Fed.Appx. 394, 396 (6th Cir. 2001). To excuse the procedural default, Twyman would need to show cause and prejudice for

the default. *Id.* Thus, Twyman should attempt to exhaust his administrative remedies because the Warden may, in his discretion, allow Twyman to file a late appeal and address the merits of his claims. *See* 28 C.F.R. §542.14. If the Warden allows the late appeal and Twyman exhausts his administrative remedies in accordance with the relevant regulations, he will avoid application of procedural default's cause and prejudice standard if he returns to federal court.

In response to the Motion to Dismiss, Twyman asks the Court to stay the habeas proceedings. A federal district court may stay a habeas petition to allow a petitioner to properly exhaust his claims and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. In this case, the timeliness of a future petition will not be jeopardized if the petition is dismissed. Additionally, Twyman has failed to show good cause for failing to exhaust his administrative remedies. Therefore, the Court will dismiss the petition without prejudice.

### III.

**IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **GRANTED**. The petition is **DISMISSED WITHOUT PREJUDICE.**

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

**Dated: August 31, 2011**

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager